**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARIA ANANIEVA, on behalf of herself and all other persons similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>BEE GIRL ENTERPRISES, LLC, d/b/a HERITAGE PRAIRIE FARM,<br>*Defendant*. | Case No:<br><br>**Jury trial demanded** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Maria Ananieva brings this action on behalf of herself and all other persons similarly situated against Defendant Bee Girl Enterprises, LLC, d/b/a Heritage Prairie Farm ("Heritage Prairie Farm" or "Defendant"), to recover unpaid overtime compensation, liquidated damages, statutory damages, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et seq., and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq.

1. Heritage Prairie Farm is an Illinois limited liability company that operates a full-service wedding and private event venue in Kane County, Illinois. Defendant employs hourly workers in a variety of capacities in connection with its hospitality and event operations, including marketing and administrative staff, event coordinators, servers, catering staff, and venue crew.

2. Defendant has maintained a policy and practice of failing to pay its hourly employees overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek, in violation of the FLSA and IMWL. Defendant has further required or permitted its hourly employees to perform work off the clock without compensation, and has maintained a vacation policy that operates to forfeit earned vacation pay in violation of the IWPCA.

3. Plaintiff brings her overtime claims under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all similarly situated current and former hourly employees of Defendant. Plaintiff brings her overtime and vacation pay claims under the IMWL and IWPCA as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and all similarly situated current and former hourly employees of Defendant in Illinois.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's IMWL and IWPCA claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the FLSA claims that they form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, Plaintiff worked for Defendant in this District, and a substantial part of the events and omissions giving rise to these claims occurred in this District.

## THE PARTIES

7. Plaintiff Maria Ananieva is an individual residing in Kane County, Illinois. She was employed by Defendant as a Marketing, Sales, and Design Coordinator from on or about January 6, 2025 through February 20, 2026. Plaintiff was paid on an hourly basis at the rate of $20.00 per hour. Plaintiff's written consent to join this collective action is attached hereto as Exhibit A.

8. Defendant Bee Girl Enterprises, LLC, d/b/a Heritage Prairie Farm, is an Illinois limited liability company with its principal place of business at 2N308 Brundige Road, Elburn, Illinois 60119. Defendant operates a full-service wedding and private event venue at that location. At all relevant times, Defendant has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

9. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A), with annual gross revenues exceeding $500,000. Defendant's event venue operations serve corporate clients engaged in interstate commerce, including national and multinational companies such as Grey Goose, Marriott Chicago, and FONA International, among others. Defendant's operations regularly involve the use of interstate instrumentalities, including interstate electronic payment processing, interstate marketing and communications platforms, and the purchase of goods and supplies moving in interstate commerce. Defendant also sells organic produce and microgreens to commercial restaurant clients and operates an online market accessible to customers throughout the United States.

10. In addition to and independently of enterprise coverage, Plaintiff was individually engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1) by virtue of her duties as Marketing, Sales, and Design Coordinator, which regularly required her to use the instrumentalities of interstate commerce, including electronic communications with vendors, commercial clients, and customers located outside Illinois, and the creation and distribution of marketing materials through interstate channels.

11. Defendant employs hourly workers in a variety of job categories in connection with its event venue and hospitality operations, including but not limited to: marketing and administrative staff; event coordinators and venue managers; servers, bartenders, and catering staff; setup, breakdown, and maintenance crew; and customer service and sales personnel. These employees perform commercial and hospitality work in connection with Defendant's wedding and private event business, which hosts weddings, corporate events, fundraisers, galas, and social celebrations for clients including national corporations and organizations.

## <u>FACTUAL ALLEGATIONS</u>

12. During her employment, Plaintiff regularly worked in excess of forty hours per workweek. Defendant paid Plaintiff at a flat hourly rate of $20.00 per hour and failed to compensate her at the overtime rate of one and one-half times her regular rate for hours worked in excess of forty in a workweek.

13. In addition to failing to pay overtime for hours recorded on Defendant's payroll, Defendant required or permitted Plaintiff to perform work off the clock,

without recording or compensating that time. As a result, the number of hours Plaintiff actually worked in excess of forty per workweek was greater than what appears in Defendant's payroll records.

14. Moreover, Defendant required Plaintiff and other employees to record their work time using Defendant's timekeeping system.

15. Despite having employees' actual punch times, Defendant rounded employees' recorded work time in a manner that systematically favored Defendant and reduced compensable work time.

16. As a result of Defendant's rounding practices, Plaintiff was not paid for all hours worked, including overtime hours worked in excess of forty in one or more workweeks.

17. Defendant's failure to pay overtime was willful. Defendant knew or showed reckless disregard for whether its pay practices violated the FLSA and IMWL.

18. Defendant applied the same pay practices to all of its hourly employees, including marketing and administrative staff, event coordinators, servers, bartenders, catering staff, venue setup and breakdown crew, and customer service and sales personnel. These employees were all subject to the same policy and practice of being paid a flat hourly rate without overtime compensation for hours in excess of forty per workweek, and were similarly required or permitted to work off the clock without compensation.

19. Defendant maintained a written vacation policy in its Employee Handbook applicable to all regular full-time hourly employees. Under that policy, vacation time is awarded at the beginning of each calendar year based on length of service: five days after one year of full-time service, ten days after three years, fifteen days after five years, and twenty days after ten years.

20. The policy further provides that if employment terminates, the employee "will be paid for any unused vacation time that has been earned through your last day of work." However, the policy also states that if "Heritage Prairie Farm, in its sole discretion, terminates your employment for cause, you may lose any remaining unused vacation time and will not be paid for it." The policy further provides that vacation time cannot be rolled over or cashed out at year-end under any circumstances.

21. Under the IWPCA and applicable Illinois Department of Labor regulations, 56 Ill. Admin. Code § 300.520(a), once vacation time is earned it constitutes wages that cannot be forfeited. A vacation policy that conditions payment of earned vacation on the method of separation, including a forfeiture-for-cause provision, violates the IWPCA.

22. Plaintiff completed more than one year of full-time service with Defendant, having been continuously employed from January 6, 2025 through February 20, 2026. Under Defendant's own vacation policy, Plaintiff was entitled to five days of vacation pay. Defendant paid Plaintiff no vacation pay at or following the separation of her employment.

23. Upon information and belief, Defendant applied the same vacation policy to all of its regular full-time hourly employees and similarly failed to pay earned vacation pay to those employees upon separation from employment.

## COLLECTIVE ACTION ALLEGATIONS

## (FLSA Overtime — 29 U.S.C. § 216(b))

23. Plaintiff brings her FLSA overtime claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following proposed collective:

> **All current and former hourly employees of Bee Girl Enterprises, LLC, d/b/a Heritage Prairie Farm, who worked in excess of forty hours in any workweek during the three years preceding the filing of this Complaint and were not paid overtime compensation at one and one-half times their regular rate of pay for all such hours (the "FLSA Collective").**

24. Plaintiff is similarly situated to the members of the FLSA Collective. Like Plaintiff, FLSA Collective members are or were hourly employees of Defendant who regularly worked in excess of forty hours per workweek, were paid at a flat hourly rate without an overtime premium, and were required or permitted to perform off-the-clock work without compensation.

25. The FLSA Collective is sufficiently numerous that joinder of all members is impracticable. Upon information and belief, Defendant employs or has employed a significant number of hourly workers across its event venue and hospitality operations who have been subject to the same unlawful pay practices described herein.

26. There are questions of fact and law common to the FLSA Collective, including whether Defendant had a policy or practice of failing to pay overtime to its

hourly employees, whether Defendant required or permitted off-the-clock work, and whether Defendant's violations were willful within the meaning of 29 U.S.C. § 255(a).

27. Plaintiff's consent to act as a party plaintiff in this collective action is attached hereto as Exhibit A. Plaintiff will promptly move for conditional certification of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

## (IMWL and IWPCA — Fed. R. Civ. P. 23)

28. Plaintiff brings her state law claims as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of two separately defined classes: the IMWL Overtime Class and the IWPCA Vacation Class, defined below.

### A. The IMWL Overtime Class

29. Plaintiff brings her IMWL overtime claims pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of the following proposed class:

> **All current and former hourly employees of Bee Girl Enterprises, LLC, d/b/a Heritage Prairie Farm, who worked in excess of forty hours in any workweek during the five years preceding the filing of this Complaint and were not paid overtime compensation at one and one-half times their regular rate of pay for all such hours (the "IMWL Overtime Class").**

30. The IMWL Overtime Class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendant employs and has employed a substantial number of hourly workers across its event venue and hospitality operations who regularly worked in excess of forty hours per workweek and were not paid the overtime premium required by the IMWL.

31. There are questions of law and fact common to the IMWL Overtime Class that predominate over any questions affecting only individual members, including: whether Defendant had a policy or practice of failing to pay overtime to its hourly employees in violation of 820 ILCS 105/4a; whether Defendant required or permitted hourly employees to perform off-the-clock work without compensation; and the proper method of calculating damages for class members.

32. Plaintiff's claims are typical of the claims of the IMWL Overtime Class. Plaintiff was an hourly employee subject to the same overtime pay practices as other class members, worked in excess of forty hours per workweek without receiving the overtime premium, and was required to perform off-the-clock work without compensation.

33. Plaintiff will fairly and adequately represent and protect the interests of the IMWL Overtime Class. Plaintiff's interests are not antagonistic to those of the class. Plaintiff's counsel are experienced in litigating wage and hour class actions in this District.

34. A class action is superior to other available methods for the fair and efficient adjudication of the IMWL overtime claims. The damages suffered by individual class members are modest in relation to the expense and burden of individual litigation, making it impracticable for class members to bring individual actions to vindicate their rights.

**B. The IWPCA Vacation Class**

35. Plaintiff brings her IWPCA vacation pay claims pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of the following proposed class:

> **All current and former regular full-time hourly employees of Bee Girl Enterprises, LLC, d/b/a Heritage Prairie Farm, who separated from employment during the five years preceding the filing of this Complaint and were not paid all earned and accrued vacation pay as part of their final wages (the "IWPCA Vacation Class").**

36. The IWPCA Vacation Class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendant has employed a substantial number of regular full-time hourly employees who separated from employment during the class period and were not paid their earned and accrued vacation pay as required by the IWPCA.

37. There are questions of law and fact common to the IWPCA Vacation Class that predominate over any questions affecting only individual members, including: whether Defendant's vacation policy is a "length of service" vacation policy within the meaning of 820 ILCS 115/5 and 56 Ill. Admin. Code § 300.520(a); whether the policy's forfeiture-for-cause provision and no-rollover provision are void and unenforceable under the IWPCA; whether Defendant failed to pay earned and accrued vacation pay to separating employees; and whether Defendant's failure to timely pay vacation pay at separation violated 820 ILCS 115/4.

38. Plaintiff's claims are typical of the claims of the IWPCA Vacation Class. Plaintiff was a regular full-time hourly employee subject to the same vacation policy as other class members, completed sufficient service to earn vacation pay under that policy, and received no vacation pay upon separation.

39. Plaintiff will fairly and adequately represent and protect the interests of the IWPCA Vacation Class. Plaintiff's interests are not antagonistic to those of the class. Plaintiff's counsel are experienced in litigating IWPCA vacation pay class actions in this District.

40. A class action is superior to other available methods for the fair and efficient adjudication of the IWPCA vacation pay claims. The damages suffered by individual class members are modest in relation to the expense and burden of individual litigation, and Defendant's liability turns on the legality of a uniform written policy applied to all class members.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## (Unpaid Overtime — 29 U.S.C. § 207)
## (Plaintiff and the FLSA Collective)

41. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

42. The FLSA requires covered employers to pay non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty per workweek. 29 U.S.C. § 207(a)(1).

43. At all relevant times, Defendant was a covered employer and Plaintiff and the FLSA Collective members were non-exempt employees within the meaning of the FLSA.

44. Defendant violated the FLSA by failing to pay Plaintiff and the FLSA Collective members overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of forty per workweek, and by requiring or permitting Plaintiff and the FLSA Collective members to work off the clock without compensation.

45. Defendant's violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a), entitling Plaintiff and the FLSA Collective to a three-year statute of limitations and liquidated damages equal to the amount of unpaid overtime compensation. 29 U.S.C. § 216(b).

46. As a result of Defendant's violations, Plaintiff and the FLSA Collective have suffered damages in the form of unpaid overtime compensation and are entitled to recover those damages, an equal amount as liquidated damages, reasonable attorneys' fees, and costs of suit.

**COUNT II**

**VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**

**(Unpaid Overtime — 820 ILCS 105/4a)**

**(Plaintiff and the IMWL Overtime Class)**

47. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

48. The IMWL requires employers to pay non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty per workweek. 820 ILCS 105/4a.

49. At all relevant times, Defendant was a covered employer and Plaintiff and the IMWL Overtime Class members were non-exempt employees within the meaning of the IMWL.

50. Defendant violated the IMWL by failing to pay Plaintiff and the IMWL Overtime Class members overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of forty per workweek, and by requiring or permitting Plaintiff and the IMWL Overtime Class members to work off the clock without compensation.

51. As a result of Defendant's violations, Plaintiff and the IMWL Overtime Class members are entitled to recover their unpaid overtime compensation, plus punitive damages of five percent (5%) per month on the amount of any underpayments, reasonable attorneys' fees, and costs of suit. 820 ILCS 105/12(a).

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
## (Forfeiture of Earned Vacation Pay — 820 ILCS 115/5)
## (Plaintiff and the IWPCA Vacation Class)

52. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

53. The IWPCA provides that earned vacation pay constitutes wages that must be paid to employees upon separation from employment. 820 ILCS 115/5. Under applicable Illinois Department of Labor regulations and settled Illinois law, a "length of service" vacation policy causes vacation to vest and be earned proportionally as work is performed, and any policy provision that operates to forfeit earned vacation is void. 56 Ill. Admin. Code § 300.520(a).

54. Defendant's vacation policy is a length of service policy within the meaning of 820 ILCS 115/5 and 56 Ill. Admin. Code § 300.520(a). Under the policy, the amount of vacation to which an employee is entitled increases with length of service, and vacation time begins to vest and be earned as the employee renders service.

55. Defendant's vacation policy contains provisions that operate to forfeit earned vacation, including a provision denying vacation pay to employees terminated for cause and a prohibition on rollover and cashout of accrued vacation at year-end. These provisions are void and unenforceable under the IWPCA.

56. Plaintiff completed more than one year of full-time service with Defendant and was therefore entitled to five days of earned vacation pay under Defendant's own policy. Defendant paid Plaintiff no vacation compensation at the time of her separation from employment or on the next regularly scheduled payday following separation.

57. Upon information and belief, Defendant applied the same void vacation policy to all of its regular full-time hourly employees and similarly failed to pay those employees their earned and accrued vacation pay upon separation from employment.

58. As a result of Defendant's violations, Plaintiff and the IWPCA Vacation Class members are entitled to recover all earned vacation pay due and owing, prejudgment interest on untimely paid wages, reasonable attorneys' fees, and costs of suit. 820 ILCS 115/14.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maria Ananieva, on behalf of herself and all others similarly situated, respectfully requests that this Court enter judgment in her favor and against Defendant, and grant the following relief:

1. Conditionally certify this action as a collective action under 29 U.S.C. § 216(b) and authorize notice to be issued to all similarly situated current and former hourly employees of Defendant who are members of the FLSA Collective;
2. Certify the IMWL Overtime Class as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) and appoint Plaintiff and her counsel as class representative and class counsel;
3. Certify the IWPCA Vacation Class as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) and appoint Plaintiff and her counsel as class representative and class counsel;
4. Award Plaintiff and the FLSA Collective their unpaid overtime compensation under the FLSA, plus an equal amount as liquidated damages;
5. Award Plaintiff and the IMWL Overtime Class their unpaid overtime compensation under the IMWL, plus punitive damages of two percent per month on all underpayments as provided by 820 ILCS 105/12(a);
6. Award Plaintiff and the IWPCA Vacation Class all earned and accrued vacation pay due and owing, plus prejudgment interest on untimely paid wages;
7. Award Plaintiff and all class and collective members reasonable attorneys' fees and costs as provided by the FLSA, IMWL, and IWPCA;
8. Award pre-judgment and post-judgment interest as permitted by law; and
9. Grant such other and further relief as this Court deems just and proper.

Dated: July 16, 2026

Respectfully submitted:

/s *Francisco Fernandez del Castillo*
Attorney for Plaintiff

Francisco Fernandez del Castillo
(ARDC #6337137)
**DEL CASTILLO LAW GROUP, LLC**
11 E Adams Street, #1401
Chicago, IL 60603
francisco@delcastillolawgroup.com

# EXHIBIT A

**Consent for Collective Action**

I hereby consent to joining a collective civil action in the United States District Court against Bee Girl Enterprises, LLC, d/b/a Heritage Prairie Farm, and related entities and individuals to recover unpaid compensation, additional damages, and costs under the Fair Labor Standards Act and state law and be represented by Del Castillo Law Group and affiliated attorneys for purposes of bringing such action and designate them to make decisions on my behalf concerning litigation and settlement.

05 / 18 / 2026

Date

Maria Ananieva

Name

Signature